IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DON SALAZAR and ANDREA SALAZAR,
Individuals, d/b/a C&S TRUCKING, CO.,

   Plaintiffs,

v.                  No. CIV 1:18cv0765 RB/LF

THE QUIKRETE COMPANIES, LLC,
a Delaware limited liability company,

   Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' Opposed Motion to File First Amended Complaint, filed on January 23, 2019. (Doc. 25.) Jurisdiction arises under 28 U.S.C. § 1332. Having considered the submissions of counsel and relevant law, the Court will **DENY** Plaintiffs' motion.

**I. Background**

From 2013 through 2017, Plaintiffs, doing business as C&S Trucking Co. (C&S), "hauled mined material from a Quikrete mine" in Colorado. (Doc. 1 (Compl.) ¶¶ 1, 6.) Quikrete paid Plaintiffs, on average, approximately $288,000 per year for their services.[1] (*Id.* ¶ 7.) Relying on the parties' arrangement, Plaintiff Don Salazar left other employment, and Plaintiff C&S purchased $419,000 in equipment that would better meet Defendant's needs. (*Id.* ¶ 8.) For a time in both 2016 and 2017, C&S hauled mined material to Texas, rather than within Colorado, for the benefit of Quikrete and at a lower haul rate, causing C&S to lose $80,917.59. (*Id.* ¶ 9.) Plaintiffs

---

[1] The Court came to this average by adding the total amounts received from 2013 through 2017 as shown in the Complaint and dividing by five (the number of years Plaintiffs were paid—2013 through 2017). (*See* Compl. ¶ 7.) Plaintiffs assert that they received an average of $239,817 per year. (*See id.* ¶ 10.) It appears that they are dividing the total dollar figure by six, likely because there are two separate dollar entries for the year 2017. (*See id.* ¶ 7.)

expected to continue hauling mined material for Quikrete in 2018, but in May 2018, Quikrete notified C&S that it "no longer needed [the] mined material hauling services of C&S." (*Id.* ¶ 11.)

Plaintiffs filed their original Complaint for Recovery of Reliance Damages in this Court on August 9, 2018. (*See* Compl.) The Court filed its Order Setting Case Management Deadlines and Discovery Parameters on October 22, 2018. (Doc. 11.) The Court imposed a November 30, 2018 deadline for Plaintiffs to move to amend their pleadings or add additional parties. (*Id.* at 2.) On January 23, 2019, Plaintiffs filed their motion to submit a First Amended Complaint in order to add a claim for punitive damages. (*See* Doc. 25 at 1.) Defendant opposes the motion as untimely. (*See* Doc. 28.)

## II. Legal Standards

Federal Rule of Civil Procedure 15 allows a party to amend its pleading once as a matter of course in limited circumstances. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may only amend its pleading with "opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 directs that leave shall be freely given "when justice so requires." *Id.* "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)). A court may deny a motion for leave to amend where there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . . ." *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"When the deadline for amending pleadings set in the scheduling order has passed, as is the case here, Federal Rule of Civil Procedure 16(b)(4) is also implicated." *Soseeah v. Sentry Ins.*,

No. CV 12-01091 RB/GBW, 2014 WL 12796813, at *1 (D.N.M. Apr. 18, 2014). "Rule 16(b)(4) provides that a scheduling order 'may be modified only for good cause and with the judge's consent.'" *Id.* (quoting Fed. R. Civ. P. 16(b)(4)). "In practice, this standard requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'" *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (quoting *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (internal quotations omitted)).

## III. Discussion

### A. Plaintiffs have not shown good cause under Rule 16.

Under Rule 16, Plaintiffs must show that they were unable to meet the deadline to amend their complaint despite their diligent efforts. *See id.* This standard "may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed." *Id.* (citing *Pumpco*, 204 F.R.D. at 668–69). "If the plaintiff knew of the underlying conduct but simply failed to raise tort claims, however, the claims are barred." *Id.* (citing *Minter*, 451 F.3d at 1206; *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987)).

The parties fail to discuss whether Plaintiffs have shown good cause to amend under Rule 16. (*See* Docs. 25; 28; 29.) From Plaintiffs' scant arguments in their motion and reply briefs, however, it appears that they cannot meet this standard. Plaintiffs offer only one reason to amend their complaint—they "did not request their counsel to assert a claim for punitive damages until after the November 30, 2018 cut-off." (Doc. 25 at 2.)

The Court has not found a case directly on point, but it finds guidance in *Colorado Visionary Academy v. Medtronic, Inc.*, 194 F.R.D. 684 (D. Colo. 2000). There, the plaintiff filed a motion to amend its complaint on February 29, 2000, one day before the deadline to join parties and amend pleadings. *See* 194 F.R.D. at 686. The court granted the motion on March 30, 2000,

and the defendant filed an answer to the amended complaint on April 14, 2000. *See id.* at 686–87. Approximately two months later, on June 15, 2000, the defendant sought to amend its answer to add a defense of comparative negligence. *Id.* at 687. To show good cause, the defendant attributed the two-month delay to its attorney's need to "conduct[] additional research into the substantive law behind [the plaintiff's] claims . . . ." *Id.* (citation omitted). The court denied the motion, and the Tenth Circuit affirmed, noting that the defendant had not shown good cause for the delay. *Id.* "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* (quotation omitted).

Here, Plaintiffs waited until approximately eight weeks after the deadline to amend pleadings had passed to file their motion. Their only reason—that they simply had not requested the claim be added—is insufficient to show diligent efforts or good cause. Plaintiffs submitted a transcript from a January 22, 2019 deposition to establish that Defendant questioned Mr. Salazar about the punitive damages claim. (*See* Doc. 29-1.) Plaintiffs argue that Defendant will not be prejudiced by allowing Plaintiffs to add the claim. (*See* Doc. 29 at 2.) The transcript does not offer any evidence, however, that Plaintiffs learned of the facts underlying the punitive damages claim after the November 30, 2018 deadline, nor does it provide any other good cause for their late motion. The Court will deny Plaintiffs' motion for failure to show good cause under Rule 16(b)(4).

**B.      Plaintiffs have failed to offer an adequate explanation for their delay under Rule 15.**

The Court will also deny Plaintiffs' motion pursuant to Rule 15. Defendant argues that the Court should deny the motion both because it is untimely and because Plaintiffs "have failed to offer an adequate explanation for their delay." (Doc. 28 at 3.) "The fact that a motion to amend is filed late does not by itself justify the denial of a motion to amend." *ACC Consultants, Inc. v.*

*Logistics Health, Inc.*, No. CIV. 09-1145 JP/RHS, 2011 WL 5212262, at *5 (D.N.M. Feb. 25, 2011) (citing *Minter*, 451 F.3d at 1205 (internal quotation omitted)). "However, denial of a motion to amend is appropriate if the movant does not provide an adequate explanation for the delay." *Id.* (citing *Minter*, 451 F.3d at 1206).

Again, Plaintiffs' only explanation for their delay is that they had not asked counsel to add the punitive damages claim until after the deadline had passed. (*See* Doc. 25 at 2.) Plaintiffs do not argue that they did not possess information about the punitive damages claim until after the deadline had passed. (*See* Docs. 25; 28.) "[W]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1366 (10th Cir. 1993) (quoting *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990)). Because Plaintiffs' motion was filed approximately eight weeks after the Court's deadline for amending pleadings, and because Plaintiffs apparently knew or should have known the facts underlying the punitive damages claim before that deadline, the Court will deny their motion to amend under Rule 15.

**THEREFORE,**

**IT IS ORDERED** that Plaintiffs' Opposed Motion to File First Amended Complaint (Doc. 25) is **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE